## EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.* LIPKING, ADMINISTRATRIX.

[No. 22,847. Filed June 4, 1915. Rehearing denied October 13, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.—"Engaged in Coupling Cars".*—A complaint to recover for the death of a member of a switching crew, alleging that decedent and others of the crew were required to conform to the orders of the foreman, that such foreman received an order to place certain cars on a certain track and ordered decedent to assist in switching such cars and coupling them, that decedent went to such track to couple the cars, that one of the cars failed to couple with another, making it necessary for decedent to go between the cars to adjust such coupling, that the foreman knew that decedent was "engaged in coupling the cars", and knew that sometimes cars would not couple and that it was then necessary to go between them but that he carelessly ordered two other cars to be pushed upon such track and against the standing cars without warning to decedent, charged actionable negligence under subds. 2 and 4, §8017 Burns 1914, Acts 1893 p. 294, relating to liability for injuries to employes, since the words "engaged in coupling the cars" could only mean that decedent was coupling or linking cars together, and it was charged that the foreman, knowing that decedent was doing this, ordered other cars to be pushed upon such track without notice.   p. 574.

2. MASTER AND SERVANT.—*Injuries to Servant.—Statutory Provisions.*—Under subd. 2, §8017 Burns 1914, Acts 1893 p. 294, a cause of action may arise either through the giving of a negligent order or through some other negligent act on the part of one who represents the master which results in injury to an employe engaged in carrying out an order that is not negligent.   p. 577.

3. MASTER AND SERVANT.—*Injuries to Servant.—Vice Principals.—Statutes.*—Under subd. 4, §8017 Burns 1914, Acts 1893 p. 294, a liability against the master exists in favor of an injured employe even though the negligence was the act or omission of one in the same common service, if such negligent employe was at the time acting in the place and performing the duties of the master in

that behalf, and the injured person was obeying the order of some superior having authority to direct.   p. 578.

4.  MASTER AND SERVANT.— *Injuries to Servant.— Assumption of Risk.*—In an action for the death of a railroad switchman who was struck while adjusting the coupling between two standing cars, where the complaint disclosed that the position taken by decedent was not of itself dangerous, and could only become so by a violation of duty by the foreman of the crew, decedent can not be charged with assumption of the risk of injury from a violation of such duty, since he was not required to anticipate that the foreman would fail to use ordinary care to prevent his position from becoming a dangerous one.   p. 578.

5.  MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Evidence.*—The burden of proving contributory negligence in an action for the death of an employe rests with defendant, and since the weight of the evidence is for the jury, the court on appeal can not say that it wholly failed to support a verdict for plaintiff merely because it was meager as to some issues and in serious conflict as to others.   p. 579.

6.  MASTER AND SERVANT.— *Injuries to Servant.— Negligence of Foreman.—Knowledge of Danger.*—In an action for the death of a railroad switchman caused by the negligence of the crew foreman in ordering cars pushed onto a switch while decedent was attempting to adjust a coupling between two cars standing thereon, the evidence was not insufficient to sustain a verdict for plaintiff, though failing to show that the foreman had actual knowledge that decedent was between the cars, where, under the facts alleged and sustained by the proof, it was such foreman's duty to have such knowledge.   p. 579.

From Posey Circuit Court; *Herdis F. Clements*, Judge.

Action by Lillie S. Lipking, administratrix of the estate of John P. Lipking, deceased, against the Evansville and Terre Haute Railroad Company. From a judgment for plaintiff defendant appeals.   (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.)   *Affirmed.*

*Iglehart & Taylor, H. Iglehart* and *G. V. Menzies*, for appellant.

*Lindsey & Bock* and *Durre & Curry*, for appellee.

SPENCER, C. J.—The first question presented by this appeal relates to the action of the trial court in overruling

appellant's demurrer to the fourth paragraph of appellee's amended complaint, on which the case was tried. That pleading, so far as material here, avers that appellant operated a line of railroad within the State of Indiana, and maintained a switch yard in Evansville, Indiana, which consisted of a main track and eight or nine adjacent switches on which were placed empty cars intended for use as well as cars not in transit and stored for future use, and on which switch tracks freight trains were made up before starting over appellant's road. That on June 8, 1908, decedent was, and for ten years had been, an employe of appellant in said yard, and was then a member of a switching crew composed of an engineer in charge of a locomotive, a fireman and another switchman, Baldwin, which crew worked in said yard under the orders and direction of one O'Brien, an employe of appellant and foreman of said crew. That O'Brien was clothed with authority from appellant at that time and for a long time previous, to order and direct decedent and other members of said crew, and decedent and the other members of said crew were bound to and did conform to said orders and directions. That it was the duty of the decedent when so ordered and directed by O'Brien to couple and uncouple cars and to examine and manipulate the coupling apparatus thereon. The complaint further charges that at about 5 p.m. on said date O'Brien received an order to place on track No. 8 of appellant's switch yard ten coal cars, to be taken out by the night crew of appellant company, and for the purpose of placing said cars on track No. 8 O'Brien went on and over the various tracks and switches of appellant's yards aforesaid and marked the cars that he desired to be switched out and placed on track No. 8; that he ordered the decedent to assist Baldwin, the other switchman, in switching said cars to track No. 8 and coupling the same so as to form a train of ten cars thereon. That in obedience to said order, which he was bound to obey, decedent went over to track No. 8 to couple

the cars together as they were thrown in onto track No. 8 by the others of the crew. That said crew placed six cars on track No. 8 from the north end of said track and one car from the south end thereof, all under the direction of O'Brien, and by his direction the engineer, fireman and Baldwin of said crew then threw another car in onto track No. 8 from the north end, causing the same to strike violently against the seven cars then on said track. That the eighth car, because the coupling knuckles on the two colliding cars were closed, failed to couple but jarred apart, so as to leave an opening of three or four feet between said cars. That at the time said cars failed to couple the switching crew was on tracks Nos. 2 and 3, attempting to get two other cars for the purpose of placing them on track No. 8, and O'Brien was at the switch target of track No. 8, about 200 feet distant from the point where decedent then was. That O'Brien threw the switch target of the track on which were said two other cars and carelessly and negligently ordered and directed the balance of the crew to throw said cars in onto track No. 8. That in obedience to said order the crew threw said cars in onto track No. 8 and caused them to strike violently against the eighth car which had failed to couple with the other seven cars, and pushed it violently down to said cars. The complaint further alleges that because of the closed condition of the knuckles on the seventh and eighth cars, which had failed to couple and would not couple, it was necessary for decedent to and he did, in discharge of his duties under the order given him as aforesaid, go between the cars which failed to couple for the purpose of so adjusting the coupling apparatus that it would couple when the cars were again pushed together; that at the time decedent went between said cars they were stationary and he did not know that the other two cars were being shoved onto track No. 8 by the switching crew. That O'Brien knew that decedent was engaged in coupling the cars on track No. 8 and knew that sometimes cars would not

couple when they were pushed together and that it then became necessary for the switchman, in the discharge of his duties, to go between the cars and so manipulate and adjust the coupling apparatus that it would couple when the cars were again pushed together; that O'Brien, well knowing that decedent was engaged in coupling cars on track No. 8, in obedience to said orders previously given, carelessly and negligently ordered the other two cars down on track No. 8 without any warning whatever to the decedent of said order; that when said two cars collided with the cars then on said track decedent was caught between the drawheads of the seventh and eighth cars and received the injuries which caused his death; that decedent was wholly without fault in the matters alleged but that his death was due solely to the negligence of O'Brien, as aforesaid.

To determine the sufficiency of this complaint as against a demurrer for want of facts it is necessary to consider the several provisions of the Employer's Liability Act of 1893 (Acts 1893 p. 294), on which the pleading is based. Subdivision 2 of §1 of that act (§8017 Burns 1914) creates a liability for injury "Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform." Subdivision 4 of the same section creates a liability "where such injury was caused by the negligence of any person, co-employe or fellow-servant engaged in the same common service in any of the several departments of the service of any such corporation, the said person, co-employe or fellow-servant, at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time of the injury, having authority to direct."

The complaint before us clearly charges the giving of an order to make up a train by assembling cars from different tracks to one track and alleges further that decedent was

engaged in such service, under the order in question, at the time of his injury. That order was possibly no narrower than the general scope of decedent's duties under his employment as alleged but we do not deem that fact material where, as in this case, the negligence complained of does not rest in the giving of the order which the injured party is engaged in carrying out. The negligence here charged is that of a superior fellow-servant, O'Brien, in wrongfully ordering cars to be thrown in onto track No. 8 without notice to decedent at a time when he knew that decedent was engaged in coupling cars on said track in obedience to his previous order and knew also what was required of decedent in performing such duties. The words "engaged in coupling cars" can have but one meaning as alleged and that is the act of coupling or linking cars together. O'Brien, knowing as charged that decedent was engaged in such duty, it then became his duty, and through him that of the master, not to injure decedent through any act of omission or

2. commission. A cause of action may arise under clause 2 either through the giving of a negligent order or through some other negligent act on the part of one who represents the master which results in injury to an employe engaged in carrying out an order which is not negligent. In the latter event, even though the order be a proper one, if, through an act of the employer, the servant's work is rendered more hazardous and he is exposed to danger not reasonably to be anticipated, there is a liability. The statute then couples the injury with the source from which the order or act emanates, and declares that a liability shall arise from the negligence of one who has authority to give orders and require obedience. In support of the proposition that the order itself need not be a negligent one, see *Chicago, etc., R. Co.* v. *Lain* (1914), 181 Ind. 386; *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 47 L. R. A. (N. S.) 121.

We hold that the complaint charges actionable negligence under clause 2 of the statute, in any event it meets that test under clause 4. Under that clause, even though the

3. person whose negligence is complained of is in the same common service, yet the master is liable for his negligence where he is "at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time * * * having authority to direct." *Terre Haute, etc., R. Co.* v. *Rittenhouse* (1902), 28 Ind. App. 633. The difficulty lies generally in determining when the coemploye is acting in the place and performing the duties of the master, and what those duties are. The latter cannot be determined by any hard and fast rule applicable to every case, further than to say that it is the master's duty not negligently to injure a servant. The statute itself, however, declares that the person who at the time has "authority to direct" shall be performing the duty of the corporation with respect to that service, and as he thus stands in the stead of the master, his negligence is the master's negligence by reason of the enlargement, through this clause, of the common-law class of vice principals. *Chicago, etc., R. Co.* v. *Williams* (1907), 168 Ind. 276.

Answering appellant's further contention that the complaint at bar shows assumption of risk on the part of appellee's decedent we quote from the case of *Chicago, etc.,*

4. *R. Co.* v. *Lain, supra,* 393, the following language which is applicable here: "It is also contended by counsel that the complaint shows that appellee in complying with the order to move the car, took a dangerous position at its end with his back to a car away from which the former was to be moved, and that he was, therefore, guilty of contributory negligence and assumed the risk of injury from the latter being forced against him by other cars being run upon the switch. This position does not demand extended consideration. Under the allegations of the complaint the

position taken by appellee was not of itself dangerous and could only become so by a violation of duty on the part of the foreman and he was not bound, in the exercise of due care, to anticipate that the foreman who was, under the averments of the complaint, present and acting for the master would violate the duty to exercise ordinary care to prevent his position from becoming a dangerous one." See also, page 398 of the same opinion, and *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525. We hold the complaint at bar sufficient as against any objection here made to it.

It is further insisted that the evidence given at the trial does not sustain the verdict returned by the jury in that it shows as a matter of law that appellee's decedent was

5. guilty of contributory negligence and that he assumed the risk of the injury which resulted in his death. Reference to the holdings in the Lain and Gossett cases, *supra*, is sufficient to dispose of the latter contention. The burden of proving contributory negligence on the part of decedent rested on appellant and the weight of the testimony introduced for that purpose was a matter to be determined by the jury. The evidence given at the trial is meager on some of the issues of fact presented by the pleadings and is in serious conflict on many others but we cannot say that it wholly fails to support appellee on any issue on which she had the burden of proof. It may be true that

6. there is a want of evidence to show that appellant's foreman, O'Brien, had actual knowledge of decedent's whereabouts at the time he ordered the two cars sent in onto track No. 8 against the cars already there, except that he was engaged in making up the cut of cars in question, but under the facts alleged in the complaint and sustained by proof, it was his duty to have such knowledge in order that he might not so act as to subject decedent without warning to unusual and unexpected hazards.

Exception is taken to the giving and refusal of certain instructions which may readily be included in two classes and

so considered. One class includes those instructions in which the court advised the jury as to what would be a general, and what a special order. The other class includes those instructions to which objection is urged on the ground that they omit the element of assumed risk. What we have already said on the issues presented by the overruling of appellant's demurrer to the complaint serves to dispose of each question.

Judgment affirmed.

Lairy, J., not participating.

Note.—Reported in 109 N. E. 47. On statutory liability for negligence of employes exercising superintendence, see 58 L. R. A. 33. As to employes and employments within the purview of the statutes abrogating the fellow-servant rule, see 18 L. R. A. (N. S.) 477; 47 L. R. A. (N. S.) 113. As to assumption of risk by employe in performing act under orders of master, see 7 Ann. Cas. 435. See, also, under (1) 26 Cyc. 1395; (2) 26 Cyc. 1366; (3) 26 Cyc. 1368; (4) 26 Cyc. 1189, 1183; (5) 26 Cyc. 1419, 1516; (6) 26 Cyc. 1164, 1451.