OVERTON, J.
Defendant was convicted of murder, and sentenced to life imprisonment in the penitentiary. He relies on two bills of exception. The first presents a plea to the jurisdiction of the court that convicted him.
*1023 Defendant wounded Olay Quebedeaux in the parish of- St. Martin. After the wound was inflicted, Quebedeaux was taken immediately to the office of a physician in the parish of St. Landry for treatment, where he died of the wound, shortly after having been taken there.
Defendant contends that the district court of the parish in which Quebedeaux died was alone possessed of jurisdiction, and not the district court of the parish in which the wound was inflicted, and hence that, as Quebedeaux died in the parish of St. Landry, the district court for that parish had jurisdiction, and not the district court for the parish of St. Martin, and cites in support of his contention State v. McCoy, 8 Rob. 545, 41 Am. Dec. 301, decided in the year 1844.
[1] Section 9 of article 1 of the Constitution of 1921 provides, in so far as respects venue, that:
“All trials shall take place in the parish in which the offense was committed, unless the venue be changed; provided further, that the Legislature may provide for the venue and prosecution of offenses committed within one hundred feet of the boundary line of a parish.”
The question therefore presents itself: Where was the offense committed? In our view, it was committed in the parish where the wound was inflicted. While, to make the offense murder, death must have occurred as a result of the wound, yet the place where the death occurred is a mere circumstance, and is of no importance in determining the venue, under the article cited, of the Constitution.
[2] Defendant filed a motion in arrest of judgment based on the ground that the indictment is fatally defective, in that it does not charge that he did “willfully, feloniously and of his malice aforethought” kill and murder the said Quebedeaux.
The indictment charges the offense as follows:
That “Jean Stelly, late of the parish of St. Martin, state .of Louisiana, and within the jurisdiction of the Nineteenth judicial district of said state, with force and arms, on or about the 4th day of September in the year of our Lord one thousand nine hundred and twenty-one, unlawfully, willfully, maliciously, feloniously, and of his malice aforethought with a certain dangerous weapon, to wit, a knife, wound one Clay Quebedeaux and him, the said Clay Quebedeaux, did kill and murder.”
Section 1048 of the Revised Statutes provides that:
“In any indictment for murder or manslaughter, it shall not be necessary to set forth 'the manner in which or the means by which the death of the deceased was caused; it shall bo sufficient in every indictment for murder to charge that the defendant did feloniously, willfully, and of his malice aforethought, kill and murder the deceased; and it shall be sufficient in every indictment for manslaughter to .charge that the defendant did feloniously kill and slay the deceased.”
In the indictment before us, the words “feloniously, willfully, and of his malice aforethought” modify the word “wound.” They do not modify the words “kill and murder”; yet they should do so for the indictment to comply with the essentials of the statutory form.
It cannot even be said that, because the wounding was willful, felonious, and with malice aforethought, therefore defendant so killed and murdered the deceased, since the indictment does not connect with certainty the wound with the death. Even if it did, we are not inclined to think that this would be sufficient under the statute above quoted. Cyc. says in volume 21, p. S56, that:
“In those states in which it is required to be alleged that the killing was willful, deliberate, and premeditated, it is not sufficient that such intent be laid merely to the assault; but, where the qualifying words as to intent are properly laid to the assault, they may bo referred to the actual killing by words of reference; and conversely an intent laid to the killing may be referred to the assault. The fact that the killing was done willfully, deliberately, premedi *1025 tatcdly, and with malice aforethought cannot, however, be charged by inference.”
It may be noted that at common law an indictment that does not lay malice aforethought to the killing is fatally defective, although it lays it to the wounding. State v. Heas, 10 La. Ann. 195. Cyc. is to the same effect, for in volume 21, p. S52, it is said that “a common-law indictment for murder must charge that the act was done ‘with malice aforethought,’ ” and on the page following it is said that “the murder itself must be charged to have been done with -malice aforethought; it is not sufficient- that the mortal wound be so given. ;i * ” The same is true as to the word “feloniously.” Bishop’s New Criminal Procedure, yol. 2, § 542.
Me, therefore, are of the opinion that under section 1048 of the Revised Statutes it is necessary that it be charged that the killing was done feloniously, willfully, and with malice aforethought, and that this is not done by charging that the wound was thus inflicted.
It is true, the allegation that the defendant wounded the said Quebedeaux with a dangerous weapon, to wit, a knife, is, under the statute, prare surplusage, but, unfortunately for the state, the words “willfully, feloniously, and of his malice aforethought” modify one of those surplus words, to wit, the word “wound,” and not the essential words “kill and murder.” The indictment is so framed as to make them belong exclusively to a nonessential phrase. It would therefore be improper to strike as surplusage all the words in the indictment following the expression “of his malice aforethought” down to the name “Clay Quebedeaux” before the expression “did kill and murder.” .This, were it done, would give to what remained of the indictment a meaning that it did not have before. It would force the words “feloniously, willfully,” etc., to modify kill and murder, which the indictment does not make them do. See 1 Bishop, Criminal Procedure, § 482; Littell v. State, 183 Ind. 577, 33 N. E. 417.
Eor the reasons assigned, it is ordered, adjudged, and decreed that the motion in arrest of judgment be maintained, and the indictment annulled, and that the verdict of the jury and the sentence based thereon be vacated, and that defendant be held to await further proceedings in the court a qua to be had according to law, not inconsistent with the views herein expressed, and that this case be remanded for that purpose.
O’NIELL, J., concurs in the result.