(106 So. 670)

No. 27381.

STATE v. CHAMPAGNE et al.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. Homicide ⊚⟹137—Indictment not setting out place of death held not defective.

Where indictment charged defendants, in named parish, murdered named person, motion to quash because it did not set out place of death of deceased was properly overruled.

2. Homicide ⊚⟹137—Charging commission of crime in general terms held sufficient without giving time and place.

In murder indictment it is sufficient to charge crime in general terms without giving details as to time and place thereof, and if proof discloses that mortal blow was inflicted within jurisdiction, and that death occurred in some other parish, the court nevertheless has jurisdiction.

3. Indictment and information ⊚⟹159(4)— Amendment of indictment as to Christian name of deceased permissible.

Amendment of indictment for murder as to Christian name of deceased is permissible.

4. Criminal law ⊚⟹1141(2)—Defendants alleging prejudice by trial judge's rulings must make fact thereof appear in bill of exceptions formally reserved.

If defendants claim prejudice by ruling of trial judge, it is their duty to make such fact appear clearly in bill of exceptions formally reserved, and in which trial judge has been given opportunity to state reasons in support of his ruling.

5. Criminal law ⊚⟹409—Proof that assistant coroner was registered, qualified, and licensed not required.

Where defense counsel admitted that if named doctor, the assistant coroner, were present, he would testify to certain facts, it was not incumbent on state to prove that doctor was a registered, qualified, and licensed physician.

6. Indictment and information ⊚⟹169—Testimony with reference to death not inadmissible because indictment did not set forth place of death.

In murder prosecution, testimony with reference to death occurring outside the parish was not inadmissible because indictment failed to set forth place of death.

7. Homicide ⊚⟹175—Proof of cause of death is relevant and material.

Proof of cause of death in a murder case is relevant and material.

8. Criminal law ⊚⟹958(1)—Application for new trial for alleged newly discovered evidence properly refused.

Application for new trial for alleged newly discovered evidence, signed by one defendant only, was properly overruled, where affidavit of newly discovered witness was not annexed to motion, nor did witness appear on trial of motion, and her alleged testimony was hearsay.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Louis Champagne and another were convicted of murder, and they appeal. Affirmed.

Fred G. Veith, of New Orleans, and S. T. Cristina, of Kenner, for appellants.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and John E. Fleury, Dist. Atty., of Gretna, for the State.

LAND, J. The two defendants were convicted of the crime of murder, without capital punishment, and rely for the reversal of the judgment against them upon the following bills of exception.

Bill No. 1.

[1] A motion to quash the indictment was filed on the ground that said indictment was

defective, as it does not set out the place of death of the deceased. The indictment charges that the defendants, "in the parish of Jefferson aforesaid, and within the jurisdiction of the Twenty-Fourth judicial district court of Louisiana, in and for the parish of Jefferson aforesaid, then and there being, did willfully, unlawfully, feloniously, and with malice aforethought kill and murder one Willis Lawson, contrary to the form of the statute of the state of Louisiana, in such case made and provided and against the peace and dignity of the state." State v. Stelly, 149 La. 1022, 90 So. 390.

[2] In an indictment for murder it is sufficient to charge in general terms that the accused committed the crime, without giving details as to the time or place it occurred; and, if on the trial the proof discloses that the mortal blow was inflicted within the jurisdiction of the indictment, and that the death occurred in some other parish, the court has, nevertheless, jurisdiction. State v. Fields, 51 La. Ann. 1239, 26 So. 99; State v. Jones, 38 La. Ann. 792, overruling State v. Cummings, 5 La. Ann. 331, relied upon by counsel for defendants.

The motion to quash was properly overruled.

### Bill No. 2.

This bill was reserved to the drawing of the tales jurors, and is abandoned in the brief of counsel for defendants.

### Bill No. 3.

[3] While designated in the transcript as "Bill of Exceptions," the document so-called is a mere motion on the part of the district attorney to amend the indictment so as to correct the name of the deceased from Willis Lawson to "Wylie or Whiley" Lawson. Counsel for the defense objected to the amendment on the ground that defendants were not prepared at the time to defend themselves properly on a charge of murder

setting forth the name of the deceased as "Wiley" Lawson. For what reason is not disclosed by the record. This objection was overruled, and a motion made by the clerk of the reservation of a bill by the defendants. No formal bill of exception, however, has been drawn by counsel for the defense and presented to the trial judge for his signature and for the reasons for his ruling in allowing the amendment to be made.

As far as this court is advised, it may be that the amendment was merely as to the Christian name of the deceased and was permissible. We find no evidence in any bill in the record to show that "Whiley" Lawson, the name of the deceased as amended in the indictment, was a different person from "Whiley" Lawson, Jr., the name of the deceased as stated in the certificate of the assistant coroner.

[4] If defendants have been prejudiced by the ruling of the trial judge, it is their duty to have made this fact appear clearly in a bill of exceptions formally reserved, and in which the trial judge has been given a fair opportunity to state his reasons in support of his ruling.

We have repeatedly held that a mere notation by the clerk in a criminal case of a bill did not constitute a proper bill of exception and would not be considered by this court on appeal.

### Bills Nos. 4 and 5.

[5] The following admission was made by defendants:

"It is admitted by counsel for the defense that if Dr. E. J. De Berge, assistant coroner of the parish of Orleans, were present in court and sworn as a witness for the state he would testify in connection with the document marked 'State No. 1' that he held a view on a body of a person named Wiley Lawson, Jr., on 9/2/24, as set forth in the certificate from the coroner's office, as stated in said certificate, and that the cause of death as given in said certificate is as follows: Traumatic amputation of both legs, internal injuries and shock. To which admis-

sion is attached the document marked 'State No. 1.'

"Which admission is agreed to with the following exceptions: That the certificate purports to be the certificate of death of one Wiley Lawson, Jr., whereas the defendants are charged with the murder of one Willis Lawson, as set forth in the indictment."

The name of deceased as contained in the certificate of the assistant coroner is not "Wiley" Lawson, Jr., but "Whiley" Lawson, Jr.

On the trial of the case, when the district attorney offered the admission in evidence as to what the assistant coroner of the parish of Orleans would testify to, if present, counsel for the defendants made the following objection:

"That before such certificate can be admitted in evidence, it is incumbent upon the state first to prove that Dr. E. J. De Berge is a registered, qualified, and licensed physician for the parish of Orleans." ·

, The objection was properly overruled, as defendants had admitted that Dr. E. J. De Berge was "assistant coroner of the parish of Orleans," and his qualifications were, therefore, necessarily admitted.

Defendants might have as well required proof as to the qualifications of the trial judge and district attorney, before they could be allowed to proceed with the trial.

[6] Defendants also objected to any testimony by Dr. E. J. De Berge "with reference to any death that may have occurred in the city of New Orleans, parish of Orleans, of one Wiley Lawson for the reason that the indictment failed to set forth the place of the death of the person for whose murder or supposed murder defendants are accused, and that such testimony would be entirely irrelevant and immaterial."

[7] We have already disposed of the objection that the indictment should have set forth the place of death of the deceased. To prove the cause of death in a murder case is certainly not irrelevant or immaterial testimony.

### Motion for New Trial.

[8] Defendants applied for a new trial in this case on the ground that a woman named "Ruth" would testify that a man known as "Bo" admitted to her that he had had a fight with "the deceased, Willie Lawson," on the night of August 31, 1924, and that he, the said "Bo," was present at the scene when "Willie Lawson" received the injuries from which he later died.

Defendants allege that this is newly discovered evidence, which they could not have obtained with due diligence before the trial.

The application for new trial is signed and sworn to by the defendant Louis Champagne only. The affidavit of the newly discovered witness, "Ruth," is not annexed to the motion for a new trial; nor did she appear as a witness on the trial of the motion. Moreover, her testimony is purely hearsay.

Nor was any bill of exception formally reserved to the action of the court in overruling the application for new trial in this case. The trial judge properly refused the application.

The conviction and sentence appealed from are therefore affirmed.