473 So.2d 363 (1985)
STATE of Louisiana
v.
Elijah "Mickey" PATTERSON.
No. 84-KA-625.
Court of Appeal of Louisiana, Fifth Circuit.
July 8, 1985.
*364 John M. Mamoulides, James Maxwell, Dorothy A. Pendergast, Gretna, for plaintiff-appellee.
John H. Craft, Gretna, for defendant-appellant.
Before KLIEBERT, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
Elijah "Mickey" Patterson was convicted by a six-person jury of aggravated battery in the 24th Judicial District Court and sentenced to the maximum prison term allowable, ten years at hard labor.
After being granted an out-of-time appeal, Patterson contends (1) that the trial judge erred in not reading his (Patterson's) charge as to justification, (2) that the evidence does not support the conviction and (3) that the sentence was constitutionally excessive.
Finding no merit in these assignments of error, we affirm Patterson's conviction and sentence.
On the night of December 25, 1982, Patterson shot Leroy Allen four times in the back with a .38 caliber pistol. The shooting followed an altercation in Allen's Bar, a lounge in Harvey, Louisiana owned by the victim's son.

ASSIGNMENT NO. 1
Appellant argues that the trial judge should have read to the jury a charge on justifiable homicide as spelled out in LSA-R.S. 14:20(1). Such a charge would have excused Patterson's actions as having been done by a person who reasonably believes himself in imminent danger of losing his life or receiving great bodily harm. Patterson requested such a charge, but the trial judge rejected it.
LSA-C.Cr.P. art. 807 reads, in part:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
*365 As the submitted charge related to justification for a homicide, it was not "wholly correct and pertinent."
The trial judge's charge did include the following:

SELF-DEFENSE OTHER THAN HOMICIDE CASES
"The use of force or violence upon the person of another is justifiable for the purpose of preventing a forcible offense against one's own person if the force used is reasonable and apparently necessary to prevent the offense.
"Thus, if you find:
"(1) that the defendant committed the offense charged for the purpose of preventing a forcible offense against his person; and
"(2) that the amount of force or violence used was reasonable; and
"(3) that the force or violence used was apparently necessary to prevent the forcible offense;
"Then you must find the defendant not guilty."
This wording, which came from the Louisiana Judges' Bench Book on Criminal Jury Instructions, was not only a correct expression of the applicable law on justification in non-homicide cases, but it also encompassed, in a slightly different way, the sum and substance of Patterson's tendered charge. If a special charge is included in the general charge or in another special charge to be read, it need not be given. In addition to Art. 807, see also State v. Square, 433 So.2d 104 (La.1983), and State v. Foy, 439 So.2d 433 (La.1983).

ASSIGNMENT NO. 2
Patterson suggests in this assignment of error that the evidence did not establish beyond a reasonable doubt that the shooting was not in self-defense.
Allen testified that after he evicted appellant from the barroom, Patterson returned a few minutes later with a revolver and fired the shots at near point blank range while he (Allen) was standing near a juke box with his back to Patterson. Three other witnesses testified that while Allen and Patterson had exchanged words, Allen did not threaten Patterson or point a pistol at him.
Patterson, on the other hand, said that Allen flashed a gun, kicked him in the groin and was following him outside. Feeling himself in danger, Patterson said, he pulled out his gun and shot Allen when Allen reached for his weapon.
The defense called one witness who corroborated Patterson's version, but this witness admitted that she did not actually see the shooting and that she left the lounge before the police arrived. Patterson, too, left after shooting Allen. He threw his revolver in the Harvey Canal, then surrendered two days later.
Obviously, the jury chose to believe Allen and the three other state witnesses. When there is conflicting testimony, the credibility of witnesses is a matter within the sound discretion of the trier of facts, in this case a six-person jury. Factual determinations are not disturbed on review unless clearly contrary to the evidence. See State v. Richardson, 425 So.2d 1228 (La.1983), and State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984).
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could easily have concluded that all of the elements of aggravated battery had been proven beyond a reasonable doubt and that the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and in many subsequent Louisiana cases was not offended.
The jury did not believe Patterson acted in self-defense, and the record supports this finding.

ASSIGNMENT NO. 3
Patterson claims his ten-year maximum sentence violates Art. I, Sec. 20 of the Louisiana Constitution of 1974, which prohibits *366 cruel, excessive or unusual punishment.
Now 50 years of age, Patterson admitted that he had simple battery arrests in 1966 and 1971, a conviction for disturbing the peace in 1970 and an aggravated battery arrest in 1972.
Before imposing sentence, the trial judge said:
"Okay, the Court has heard the evidence in this case and has heard the jury has made a determination and you're guilty of aggravated battery. The allegations in the and the proof tends to prove that you shot the victim in this case four times and four times you shot him in the back. The I don't understand why you weren't charged with attempted murder, but you weren't. You were charged with aggravated battery. The Court finds that the that anything less than the maximum sentence would be not justifiable in accordance with the gravity of this situation. You can't go around with a .38 caliber pistol shooting people and expect to get out with less than the amount of the crime amount of the sentence involved in this Court. The Court will hereby sentence you to serve ten years at the Louisiana Department of Corrections at hard labor and remand you for the execution of that sentence. You're to be given credit for any time that you have already served."
We agree with the trial judge's observation concerning the charge. Patterson could well have been charged with attempted murder or actual murder had Allen not somehow survived. Three of the bullets have been surgically removed, but one bullet remains lodged close to Allen's spine and can not be excised.
The ten years imposed is not out of proportion to the severity of this crime. We cannot say that the trial judge abused his sentencing discretion.
In addition to finding the foregoing assignments of error to be of no consequence, we examined the record for errors patent and found none. We therefore affirm Patterson's conviction and sentence.
AFFIRMED.