503 So.2d 76 (1987)
STATE of Louisiana
v.
Jimmy J. CORTEZ, a/k/a James J. Cortez.
No. 86-KA-552.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
*77 Dorothy A. Pendergast, Asst. Dist. Atty., Louise Korns of Counsel; Office of the Dist. Atty., Gretna, for plaintiff/appellee.
Daniel T. McKearan, Jr., Harahan, for defendant/appellant.
Before CHEHARDY, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
Jimmy Cortez was convicted by a six-person jury of simple robbery in the 24th Judicial District Court and sentenced to four years at hard labor. Cortez now appeals his conviction and sentence urging these assignments of error:
(1) That the victim's identification evidence against him was not credible,
(2) That he should have been granted a new trial,
(3) That the sentence was constitutionally excessive.
Finding no merit in these assignments of error, we affirm Cortez' sentence and conviction.
On September 22, 1984 at about 10:30 p.m., a white male fitting the description of the defendant robbed a 7-11 convenience store in Jefferson Parish, Louisiana of two packs of beer and a fifth of whiskey. The cashier, Marguerite Smith, testified that the defendant shoved her down, grabbed the liquor from her, and then fled in a blue Dodge station wagon with a broken windshield and a Texas license plate. The incident lasted a total of three to four minutes.
Two to three hours later Jefferson Parish police officers Johnny Dykes and John Meeks stopped the described vehicle and questioned the driver, Chris Agiular, about the robbery. The officers then followed Chris to his trailer for further investigation and there questioned his brother, Dwayne Agiular. The officers testified to statements made by Chris during questioning that their step-brother, Jimmy Cortez, was driving the Dodge at the time the robbery occurred.
One month later Officer Meeks answered a suspicious person complaint involving both Chris and the defendant. Cortez' name was recognized by the officer as the suspect in the convenience store robbery. His photograph was then obtained from the bureau of investigation and included in a photographic lineup shown to Ms. Smith. Ms. Smith immediately identified Cortez as the robber.
At trial, although the defendant denied the robbery and claimed that he was at home with his father and stepmother when it occurred, his alibi was not corroborated in his mother's testimony, and his father did not testify.

*78 ASSIGNMENT OF ERROR 1
During cross examination Ms. Smith refused to concede that in pre-trial testimony she said "Mexican" not "sombrero" to describe the hat worn by the perpetrator of the crime. Despite listening to her recorded pre-trial testimony, Ms. Smith remained positive that she had said "sombrero" although she offered that apparently the word was not recorded.
Cortez now urges that we reverse his conviction, and argues, that Ms. Smith's refusal to concede her error should have given the jury a reasonable doubt that the victim also refused to admit a mistake in her identification of the defendant as the perpetrator of the crime. Defendant does not allege, however, that the victim's identification was in any way unreliable or otherwise tainted by impermissible suggestion in violation of his due process rights. See, State v. Davis, 409 So.2d 268 (La.1982). Thus, his argument centers on the credibility to be given the victim's identification testimony.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) the state is required to prove beyond a reasonable doubt every element of the crime for which defendant is convicted including identification, the legal sufficiency of which is reviewable on appeal. State v. Knox, 472 So.2d 170 (La.App. 5 Cir.1985). However, the evaluation of the credibility of a witness's testimony is a matter of weight of the evidence, not its sufficiency, which is a determination for the trier of fact, not disturbed on appeal unless clearly contrary to the evidence. State v. Patterson, 473 So.2d 363 (La.App. 5 Cir.1985).
We have reviewed the record and find the evidence is legally sufficient for conviction of Cortez of simple robbery. LSA-R.S. 14:65. We also find the circumstances surrounding the victim's observation of the defendant during the robbery were highly favorable because of the duration of the robbery, the fact that it occurred in a welllit store, and the face-to-face contact.
It is true that Ms. Smith would not concede that she used the word "Mexican" rather than "sombrero" in her pretrial testimony to describe the perpetrator's hat but this consideration was before the trier of fact. We cannot say that the jury's findings were wrong or that the record does not support these findings. State v. Patterson, supra.

ASSIGNMENT OF ERROR NUMBER 2
Cortez applied for a new trial in this case on the basis of newly discovered evidence and in order to serve the ends of justice.
The record does not disclose a state of facts that would render the alleged newly discovered evidence material. It consisted of the testimony of defense attorney that Dwayne related to him post conviction that it was Chris not Cortez who had committed the simple robbery. Chris's mother, Mrs. Cortez, testified that Chris had admitted the same to her. And two of the trial court's personnel testified that they had overheard Dwayne tell defense counsel that Chris did the simple robbery. However, the record further shows that defense counsel testified that neither Dwayne nor Chris were willing to testify that Chris was the perpetrator.
Counsel hoped to place this testimony before the trial court, on a claim of newly discovered evidence. LSA-C.Cr.P. art. 851(3). He now urges this court to reverse the lower court's denial on the basis of this testimony.
Materiality and probability are prerequisites to the granting of a new trial for newly discovered evidence. LSA-C.Cr.P. art. 851(3). The alleged newly discovered evidence is purely hearsay and thus immaterial.
Under such circumstances the testimony is not to be regarded as newly discovered evidence and the trial judge properly refused the motion. State v. Champagne, 160 La. 47, 106 So. 670 (1926).
Defendant also urged new trial on the ground that the ends of justice would be served thereby. LSA-C.Cr.P. art. 851(5). This is a ground upon which the trial judge may grant a new trial to do justice even when the motion is not based on any legal ground. Thus, it presents *79 nothing for this court's appellate review. State v. Green, 469 So.2d 1161 (La.App. 5 Cir.1985).

ASSIGNMENT OF ERROR NUMBER 3
Cortez claims his four year sentence is excessive considering the evidence supporting his conviction.
The maximum sentence for simple robbery is seven years with or without hard labor and a fine of not more than $3000, or both. LSA-R.S. 14:65. Defendant's sentence of four years therefore falls in the mid range of possible sentences.
Although the choice of sentences within the statutory range lies within the discretion of the trial judge, it must be individualized and this entails consideration of the underlying circumstances of the crime. LSA-C.Cr.P. art. 894.1; State v. Day, 414 So.2d 349 (La.1982).
In this case before imposing sentence the trial judge said:
"The Court has taken into consideration several factors in considering the sentence that I am going to impose. Number one  the demeanor of the defendant at the trial  he showed absolutely no remorse whatsoever for a victim of sixty-one years of age, a lady that he hit in the head and caused a bruise and broke her eyeglasses, all for the sake of stealing some beer and a bottle of Jack Daniels whiskey. This led the court to believe that there is an undue risk that during a suspended sentence or probation the defendant would commit another crime. Number two  that the defendant is in need of correctional treatment  that can best be provided by an institution. Furthermore, this court finds that the defendant's actions did threaten and intimidate the victim, who is sixty-one years of age. Therefore, this Court sentences the defendant to the custody of the Louisiana Department of Corrections for a period of four years at hard labor."
We agree with the trial court's observations concerning the seriousness of defendant's crime. Cortez physically attacked the sixty-one year old victim in order to steal a bottle of liquor and remains without remorse.
Under these circumstances we cannot say that the trial judge abused his sentencing discretion. See State v. Capano, 466 So.2d 649 (La.App. 5 Cir.1985).
For the above assigned reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.