28 So.2d 460

**STATE v. WILLIAMS.**

No. 38260.

Nov. 12, 1946.

G. Wray Gill and Albert B. Granzin, Jr., both of New Orleans, for defendant and appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Herve Racivitch, Dist. Atty., Geo. McCulloch, Asst. Dist. Atty., and Alexander E. Ralston, Jr., Asst. Dist. Atty., all of New Orleans, for plaintiff and appellee.

FOURNET, Justice.

This is an appeal from the judgment of the Juvenile Court for the Parish of Orleans convicting Elizabeth Williams of cruelty to juveniles as defined in Article 93 of the Louisiana Criminal Code and sentencing her to serve six months in jail and is, therefore, reviewable on an appeal in this court on the law and the facts. See Section 96 of Article VII of the Constitution of 1921 as amended pursuant to Act No. 169 of 1944; State v. Smith, 209 La. 363, 24 So.2d 617; State v. Smith, 210 La. 581, 27 So.2d 359.

The sole issue presented in this case is whether or not the state has proved the defendant guilty of the crime charged beyond a reasonable doubt.

Cruelty to juveniles is defined in Article 93 of the Louisiana Criminal Code to be "the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child."

Thus it may be seen that the gravamen of the offense is the intentional neglect or mistreatment by one over 17 of a child under that age when such mistreatment or neglect results in its unjustifiable pain and suffering. In other words, the state must allege and show there was an intentional mistreatment or neglect of the child in this case and that such child, as the result of such neglect or mistreatment, has been subjected to unjustifiable pain or suffering.

From a review of the testimony taken on the trial of this case, all of which is reported verbatim in the record, we conclude that the state has failed to establish beyond a reasonable doubt one of the elements of the crime charged, i. e., that the subject child was caused unjustifiable pain and suffering as the result of its neglect on the stated occasion.

We do not deem it necessary to detail here the sordid story sought to be revealed

by the evidence in the case. Suffice it to say that the several witnesses for the state not only contradicted each other in many respects but they are otherwise discredited, rendering their testimony of little probative value.

For the reasons assigned the conviction and sentence are annulled and set aside and the defendant is ordered discharged.