62 So.2d 634

**STATE v. TOWNS.**

No. 41039.

Dec. 15, 1952.

Herbert C. Harrison, Winnfield, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., E. L. Blewer, Dist. Atty. and Albert S. Lutz, Jr., Asst. Dist. Atty., Shreveport, for appellee.

MOISE, Justice.

The accused appeals from a judgment of conviction and sentence of one year in the Parish Jail for the alleged crime of "cruelty to a juvenile". The wife of the accused was likewise charged with "cruelty to a juvenile", and she pleaded guilty, assuming the full responsibility for the beating and whipping of the juvenile.

Counsel for the defendant has abandoned all bills of exception, except his bill reserved on the trial court's overruling his motion in arrest of judgment, as to which he claims there is error patented on the face of the record.

The affidavit under which the defendant was prosecuted reads as follows:

"* * * on or about the 19th day of July, 1952, In the Parish aforesaid, Roy G. Towns, being a person over the age of seventeen years, did commit an act of cruelty to a juvenile, namely;

Bobby Towns, a child under the age of seventeen years, by the intentional and criminally negligent mistreatment and neglect of said child by striking, beating and whipping said child and permitting said child to be struck, beaten and whipped, thereby causing unjustifiable pain and suffering to said child, in violation of the law and against the peace and dignity of the State of Louisiana and therefore affiant prays that the aforesaid Roy G. Towns may be arrested and dealt with according to law."

Article 93, Louisiana Code of Criminal Procedure, LSA–R.S. 14:93, provides:

"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.

"Whoever commits the crime of cruelty to juveniles shall be fined not more than five hundred dollars, or imprisoned for not more than one year, or both."

This Article gives four grounds for the basis of a charge of cruelty to a juvenile: (1) Intentional mistreatment, (2) Intentional neglect, (3) Criminal mistreatment, and (4) Criminal neglect. It must be observed that nowhere is it provided in this Article that permitting the beating, striking and whipping of a juvenile is an offense. Such is not a crime denounced by the laws of this State nor by Articles 3, 7, 10, 11, 12 and 93 of the Criminal Code. LSA–R.S. 14:3, 14:7, 14:10 to 14:12, 14:93.

Defendant contends that it is error, fatal to the affidavit, to charge as a crime an act of omission not denounced as a crime by any law of this State and that such is substantial error patent on the face of the papers. State v. Barrett, 121 La. 1058, 46 So. 1016; State v. Bessar, 213 La. 299, 34 So.2d 785; State v. Burns, 131 La. 396, 59 So. 823; State v. Dudenhefer, 122 La. 288, 47 So. 614; State v. Hudgens, 189 La. 128, 179 So. 57; State v. Johnson, 181 La. 1, 158 So. 570; State v. Leonard, 162 La. 357, 110 So. 557; State v. Simpson, 157 La. 614, 102 So. 810 and State v. Vinzant, 200 La. 301, 7 So.2d 917.

Article 7 of the Criminal Code defines a crime as

" * * * that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state."

Article 227 of the Code of Criminal Law and Procedure, LSA–R.S. 15:227, provides:

"The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally convey-

ing the meaning of the statute, be used."

Article 1, Section 10 of the Constitution of 1921 provides that the accused, in all criminal prosecutions, "shall be informed of the nature and cause of the accusation against him; * * *."

In defense of the affidavit made in this suit, the State argues that the purpose of making the allegations therein is apparent because both the defendant and his wife were prosecuted. It relies on Article 222 of the Code, LSA–R.S. 15:222, which reads:

"Several distinct offenses, or the intent necessary to constitute such offenses, disjunctively enumerated in the same law or in the same section of a criminal statute, may be cumulated in the same count, when it appears that they are connected with the same transaction and constitute but one act, but in that event they must be charged conjunctively."

In support of its argument, the prosecution cites the case of State v. Williams, 213 La. 924, 35 So.2d 856, 857. The difference between the Williams case and the present case is as clear as light. In the Williams case, we find that the defendant was charged with wilfully and unlawfully accepting an offering to accept $100, which was denounced as an offense by Article 740–120 of the Code. LSA–R.S. 14:120. In the instant Towns case, Article 93 does not denounce the presence of a bystander

at the whipping of a juvenile as a crime. The statute under which defendant was charged in the Williams case specifically reads:

"Corrupt influencing is the giving or offering to give anything of apparent present or prospective value to, or the accepting or offering to accept anything * * *."

Naturally, the court affirmed the conviction and sentence, stating:

"the indictment in the instant case charges these two offenses in the conjunctive. Article 222 of the Code of Criminal Procedure provides that, when several distinct offenses are disjunctively enumerated in the same law or the same section of a criminal statute, they may be cumulated in the same count when they are connected with the same transaction and constitute but one act, but in that event they must be charged conjunctively. The article of the Criminal Code under which defendant was convicted *makes it an offense to accept or to offer to accept anything of apparent, present or prospective value,* etc., and, these offenses being charged conjunctively in the indictment in this case, defendant's contention is without merit. * * *" (Italics mine.)

We do not think the conjunctive charge was proper in the present Towns case. Merely "permitting a juvenile to be struck, beaten, and whipped" does not constitute a

crime under Art. 93, for even if provided by the statute, which we deny, some relationship at least must be alleged between the observer or bystander and the juvenile cruelly mistreated. Otherwise, if such a precedent is set, any bystander could be charged, tried and convicted of cruelty to a juvenile. Shakespeare in his play—The Merchant of Venice—through the character of Portia, illustrates the gravity which could flow from the establishment of an erroneous precedent. Portia was opportuned by Bassanio, " * * * to do a great good, do a little wrong * * *." "Twill be recorded as a precedent", she answered, "And many an error by the same example will rush into the affairs of State".

The prosecution relies on Article 240 of the Criminal Code, LSA–R.S. 15:240, which states that "No indictment is invalid by reason of any repugnant allegations contained therein, provided that an offense is charged. All unnecessary allegations shall be rejected as surplusage."

The allegation in the Towns affidavit does not state an offense—whether it referred back to the word neglect or not, the charge constitutes a matter of substance not of surplusage. State v. Stelly, 149 La. 1022, 90 So. 390; State v. Vinzant, 200 La. 301, 7 So.2d 917. The mere inclusion in the affidavit "permitting of the beating, striking and whipping" of a juvenile named in the affidavit denounces no crime under the laws of this state, yet, as commingled and drawn, we cannot determine under which

part of the affidavit the proof was offered. The State is limited to the scope of proof on trial, and in this case proof might have gone to the last charge as well as the first —the first, as to the whipping, the mother admitted and pleaded guilty. The accused was only a bystander. State v. Bessar, 213 La. 299, 34 So.2d 785; and State v. Masino, 214 La. 744, 38 So.2d 622.

The defeat in the affidavit is patent on the face of the papers and the motion in arrest of judgment should have been sustained.

For the reasons assigned, the motion in arrest of judgment is sustained and the judgment of conviction and sentence is annulled and set aside and defendant is discharged.

FOURNET, J., absent.

HAWTHORNE, Justice (dissenting).

The defendant in this case was charged with the intentional mistreatment and criminal neglect of a child. Both of these acts are denounced by LSA–R.S. 14:93, which provides that "Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child". It was proper to charge these offenses in the conjunctive under LSA–R.S. 15:222. State v. Barnette, 138 La. 693, 70 So. 614; City of Shreveport v. Bryson, 212 La. 534, 33 So.2d

60. The statute does not specify what acts will be considered criminal neglect of a child, but it certainly does not preclude from being criminal neglect the act of permitting a child to be struck, beaten, and whipped, and that part of the affidavit charging that act as criminal neglect is not defective in my opinion. Whether a defendant has mistreated and neglected a child is a question for the trial judge after he hears all the facts and circumstances of each case.

The trial judge in this case gave a full and complete opinion which contains his reasons for finding the defendant guilty. According to that opinion, one witness testified that the defendant gave the child a beating with a stick about twice as thick as a pencil and approximately one foot long. The judge informs us that the defendant admitted to certain officers that he had beaten the child with a double belt, but the exact date of this beating is not clear. There is some evidence, then, that the defendant mistreated the child.

The opinion of the judge of the juvenile court further shows, however, that he considered that the defendant in any event was guilty of the criminal neglect of this child, in that he permitted the child to be beaten and whipped, causing it unjustifiable pain and suffering. According to that opinion also, evidence was introduced in this case to show that the defendant was the father of this child, and the judge was of the opinion that a father who permits his child to be struck, beaten, and whipped, thereby causing unjustifiable pain and suffering to that child, is guilty of criminal neglect under the statute. I am of the same opinion and have concluded that the affidavit in this case is not defective and that this record does not disclose a cause to arrest the judgment.

I respectfully dissent.