354 So.2d 1344 (1978)
STATE of Louisiana
v.
Patricia BARR.
No. 60560.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1345 Ralph S. Whalen, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Bridget E. Bane, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.
Patricia Barr, having waived jury trial, was convicted of cruelty to a juvenile, a violation of R.S. 14:93, sentenced to six months imprisonment, suspended, and placed on probation for two years.
The evidence showed that the thirty-seven year old defendant intentionally left her two year old son in about the middle of the 500 block of Bourbon Street around noon on January 22,1976. The child was noticed by a tourist, who watched him until she was convinced that he was lost. She then waved down some police, who took the child to the Volunteers of America for temporary care. The child was placed in a foster home within a month.
When found the child was not in distress, was warmly clothed, but was very dirty. He was not unfriendly, but could not communicate with his rescuers.
Cruelty to juveniles is defined in R.S. 14:93 as follows:
"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
"Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more than two years, with or without hard labor, or both."
The State's case was pitched on the argument that the abandonment by the mother of her child in this case was "intentional. . .neglect . . . whereby unjustifiable pain or suffering is caused" to the child. The only evidence of pain and suffering caused by the abandonment was some evidence that the child missed his mother while in the nursery of the Volunteers, craved attention and affection, and was distressed upon the departure of friendly workers or visitors.
In its motion for acquittal, the defense argued that there was no evidence of "unjustifiable pain or suffering."
About three weeks before the offense charged, Patricia Barr had traveled from California to New Orleans, hitchhiking with her child and the man with whom she was living. In California she regularly received a social security check because of her disability (a partial paralysis of an arm and leg, probably connected with earlier open heart surgery), and a check for $80.00 a month for her dependent child. The trip to New Orleans was to find work for the man of the group, which had only $5.00 to make the trip.
In New Orleans the defendant, her child and her man slept at the docks; in the daytime the woman and child stayed in a park while the man sought work and begged for money for food for the group; when the man became ill with the flu, the defendant attempted to beg money for food.
*1346 On the morning of the offense charged, the defendant spent her last pennies for milk and toast for the child and coffee for herself. In their two weeks in New Orleans the group had been denied help at a wellknown charity, had obtained food at a mission on two nights and had been turned away on a third night, and on two occasions had gone to "the Catholic church . . . across the street from the park" where the defendant was given a dollar for food for herself and her child, but was refused help the third time. At the welfare office defendant was told "come back when you get an address." The defendant did not know of an institution that would help her child, although she had "thought about the police station."
Only one reported case of a similar prosecution has been located in Louisiana jurisprudence. In State v. Williams, 210 La. 866, 28 So.2d 460 (1946), the defendant had been convicted of violating Article 93 of the Louisiana Criminal Code. This court reversed, stating at 28 So.2d 461:
"From a review of the testimony taken on the trial of this case, all of which is reported verbatim in the record, we conclude that the state has failed to establish beyond a reasonable doubt one of the elements of the crime charged, i.e., that the subject child was caused unjustifiable pain and suffering as the result of its neglect on the stated occasion."
The evidence in the Williams case was that the defendant, drunken and dirty, had entered a bar in the "skid row" section with her baby and placed it in the lap of a woman seated at a table, saying, "Will you hold my baby?" The defendant then left and did not return. The baby was described as "awfully dirty, cold and hungry."
The other reported cases in Louisiana, sustaining convictions under the statute, have involved pain and suffering by physically abused children. (See e.g. State v. Comeaux, 319 So.2d 897 (La.1975); State v. Broussard, 312 So.2d 325 (La.1975)).[1]
Abandonment of children (without the requirement of "unjustifiable pain and suffering") is a less serious crime than "cruelty to juveniles." "Criminal neglect of family" was defined in R.S. 14:74 at the time of the present offense as follows:
"Criminal neglect of family is the desertion or intentional nonsupport:
"(1) By a husband of his wife who is in destitute or necessitous circumstances; or
"(2) By either parent of his minor child, who is in destitute or necessitous circumstances, there being a duty established by this article for either parent to support his child. The parent shall have this duty without regard to his reasons and irrespective of the causes of his living separate from the other parent. The duty established by this Section shall apply retrospectively to all children born prior to the effective date of this Section.
"Whenever a husband has left his wife or minor child in destitute or necessitous circumstances and has not provided them with means of support within thirty days thereafter, his failure to so provide shall be presumptive evidence for the purpose of determining the substantive elements of this offense that at the time of leaving he intended desertion and nonsupport.
"Laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this Section. Husband and wife are competent witnesses to testify to any relevant matter.

*1347 "Whoever commits the offense of criminal neglect of family shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both; and if a fine should be imposed, the court may direct it to be paid in whole or in part to the wife, or to the tutor or custodian of the minor child or children, or to an organization or individual approved by the court as fiduciary for such wife or child, or to the state of Louisiana." R.S. 14:74 as amended by Act 116 of 1975. (Emphasis added).
Thus the desertion of a minor child, without more, has been classified as a misdemeanor by the legislature. R.S. 14:93, on the other hand, is punishable as a felony and requires proof of the additional element of unjustified[2] pain or suffering to the child. The inference is clear, therefore, that the legislature contemplated something more than the psychological pain which any child might suffer upon any separation from its parent.
In the case before us, if the defendant had taken her child to the police station to be turned over to the proper agency, or if she had taken him to the Volunteers, she could not have been convicted of cruelty to the child, even though he might have suffered every symptom of the separation syndrome in young children. This is for two reasons: first, there would have been no mistreatment or neglect; second, (a) there would have been no pain or suffering, or (b) the psychological pain and suffering caused by the separation from the parent would not have been unjustified.
The evidence of the abandonment in this case is not evidence of neglect. The defendant could no longer care for her child. She could not feed him or provide diapers for him, to say nothing of shelter. She left him on Bourbon Street because of the heavy pedestrian traffic, believing he would soon be in the hands of the authorities.
"Unjustifiable pain and suffering" must be understood to mean something more than psychological harm resulting from the simple fact of separation of parent and child. The only evidence of pain and suffering in the record before us (and it is scant and speculative) shows rather minimal distress on the part of the child because of his mother's absence.
Because of the lack of evidence of these necessary elements of the offense charged, we find error in the trial court's ruling on the motion to acquit. However, we do not hold that abandonment cannot be "neglect;" nor do we hold that psychological harm cannot be "unjustifiable pain and suffering."
For the reasons assigned, the conviction and sentence are reversed and the defendant is ordered discharged.
SANDERS, C. J., dissents.
SUMMERS, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I consider that there was "some" evidence of defendant's intentional neglect of her two-year-old child whereby unjustifiable pain and suffering (mental anguish) was caused to said child. Accordingly, I would affirm the conviction and sentence.
NOTES
[1] Likewise, cases from other jurisdictions are of no assistance because of the lack of identity with our cruelty to juveniles statute, R.S. 14:93. Some jurisdictions specifically include abandonment as one of the elements of the offense. See, e.g. Colo.Rev.Stat.Ann. § 18-6-401 (1973); D.C.Code Ann. § 22-901 (1961); R.I.Gen.L. § 11-9-5 (1969); Utah Code Ann. § 55-10-80 (1965); W.Va.Code § 61-8-224 (1965); Wyo.Stat.Ann. § 14-22 (1965). Other jurisdictions have created a separate offense to punish those guilty of abandoning their children. See, e.g. Ark.Crim.Code §§ 2407, 2408 (1975); Cal.Pen.Code §§ 270, 271, 271a; Del. Crim.Code § 1101 (1953); N.Y.Pen.Law § 260.00 (1967); Ore.Rev.Stat. § 163.535 (1971); S.C.Code of 1976 § 20-7-30; Tenn.Code Ann. § 39-202 (1967); Vt.Stat.Ann. tit. 13 § 1303 (1971). This latter approach, we have determined, is like that intended by our legislature when it enacted R.S. 14:74 and R.S. 14:93.
[2] The term "unjustified" is included in the statute to prevent the prosecution of those, such as parents, teachers or tutors, legally entitled to use reasonable force in the discipline of minors. R.S. 14:18(4); State v. Comeaux, supra.