414 So.2d 724 (1982)
STATE of Louisiana
v.
Stanley C. BRADLEY.
No. 81-KA-2476.
Supreme Court of Louisiana.
May 17, 1982.
Rehearing Denied June 18, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Ronald R. Inderbitzin, Dale Cox, Robert W. Gillespie, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Howard M. Fish, & Jeanette Garrett, Shreveport, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant Stanley C. Bradley was charged by bill of information with negligent homicide, in violation of R.S. 14:32. *725 He pleaded guilty to the offense as charged and was sentenced to five years imprisonment, the maximum term allowed under the statute. Defendant now appeals his sentence alleging that it is excessive.
On December 25, 1980 defendant and the victim, Lendora Collins, were arguing at the victim's residence when the victim was killed by a bullet that was discharged from defendant's gun. Defendant fled the scene following the shooting, but subsequently turned himself in at the detective station and gave an oral statement. Defendant stated that he went to the residence where he also residedand removed the .22 caliber pistol from his pocket and placed it at the head of the bed. During the argument the victim grabbed the gun and, as defendant attempted to wrestle the gun away from her, it accidentally discharged. The victim was fatally wounded by a bullet that struck her in the mid-torso area. Defendant stated that he loved the victim and did not mean to kill her.
Also present at the residence at the time of the shooting were the victim's two nieces, ages three and four, for whom she was babysitting. The four year old was interviewed; she stated that she saw defendant pull the gun from his pocket and heard the argument and the shot, but she did not see the actual shooting.
Defendant was arrested and charged with second degree murder. However, before presentment to the grand jury, the state permitted defendant to plead guilty to the lesser charge of negligent homicide.
Defendant contends that the trial judge, in pronouncing sentence, failed to comply with the sentencing guidelines set forth in C.Cr.P. 894.1. The basis of defendant's contention is that the trial judge erroneously placed too much emphasis upon defendant's prior theft conviction because the facts surrounding the offense were misunderstood by the trial judge.
The trial judge's reasons for imposing sentence are an important aid to this court when called upon to review a sentence complained of as excessive. State v. Jones, 398 So.2d 1049 (La.1981); State v. Forshee, 395 So.2d 742 (La.1981). The trial judge is given great discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside in the absence of abuse of his discretion. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Sepulvado, 367 So.2d 762 (La.1979). Further, there is no requirement that the trial judge articulate every aggravating and mitigating circumstance under C.Cr.P. 894.1 if he adequately considers the guidelines in particularizing sentence to the defendant. State v. Jones, supra.
In the instant case, the trial judge noted that defendant had a record which included two prior possessions of marijuana. While the trial judge did not consider these offenses to be of a serious nature, he was of the opinion that the two separate charges tended to indicate defendant's disregard for the law. More serious, the trial judge noted, was an earlier charge of armed robbery to which defendant entered a plea of guilty to theft, and served ninety days in jail as a result. Finally, the trial judge observed that defendant was charged with second degree murder with respect to the instant offense, although he was permitted to plead guilty to the lesser offense of negligent homicide before the matter was presented to the Caddo Parish Grand Jury.
A review of the trial judge's oral reasons for imposing sentence in this case reveals that he sufficiently complied with the guidelines set forth in C.Cr.P. 894.1. In light of defendant's prior criminal conduct and the serious nature of the present offense, the trial judge did not abuse his great discretion in imposing the maximum sentence for the offense charged.
For these reasons, defendant's conviction and sentence are affirmed.
NOTES
[*] Judges Israel M. Augustine and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, and H. Charles Gaudin of the Court of Appeal, Fifth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.