DOMENGEAUX, Judge *.
Defendant Nathan J. Robicheaux was charged by a bill of information with the crime of simple escape from the Louisiana Correctional and Industrial School, a violation of La.R.S. 14:110(A).[1] The defendant initially entered a plea of not guilty to the charge, but subsequently withdrew such plea and entered a plea of guilty pursuant to an agreement reached between the State and himself whereby the State consented to recommend in return that the court impose the minimum sentence provided by law, that being two years with or without hard labor. The district judge accepted the defendant’s plea, but carefully warned him that the court was not bound or committed to go along with the sentence recommended by the State. Thereafter, pursuant to a pre-sentence investigation, the court sentenced the defendant to three years, rather than two years, at hard labor, with the Louisiana Department of Corrections, such sentence to run consecutively to any sentence being previously served. Defendant challenges this sentence imposed by the trial court, raising one assignment of error, viz, that the trial court erred in imposing an excessive sentence in violation of Article 1, Section 20 of the Louisiana Constitution of 1974.[2]
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Louisiana Supreme Court determined that the imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment that is enforceable on appellate review of his conviction. A sentence has been determined to be constitutionally excessive when the penalty is so disproportionate to the crime as . to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); State v. Reed, 409 So.2d 266 (La.1982). However, due to the trial judge’s unique position of viewing subjective factors not available on appeal, he is given a wide discretion in the imposition of sentences within statutory limits, and a sen *1187 tence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. Sepulvado and Goodman, supra; State v. Howard, 414 So.2d 1210 (La.1982); State v. Bradley, 414 So.2d 724 (La.1982).
The facts are primarily discerned from the transcript of the sentencing proceedings conducted in the instant case. On June 27,1982, the defendant, aged 19, along with two co-defendants, scaled the fence at the Louisiana Correctional and Industrial School in Beauregard Parish, Louisiana, and disappeared into the woods. Apparently, none of the three were discovered until the morning of June 29, 1982, when they were all found and captured. The defendant, along with one of his fellow escapees was located under the overpass at the intersection of U.S. Highways 171 and 190. After defendant and his co-defendant were taken back into custody, the police officers who arrested them returned to the area under the overpass and conducted a search, whereupon they discovered a kitchen knife. Apparently, there was no proof that the knife was left by either of the defendants, but the district judge found the existence of the knife to be relevant to the situation.
The defendant in the case at hand had been sentenced in May, 1982, to concurrent six year prison terms for various burglary offenses. He arrived at Louisiana Correctional and Industrial School on June 7,1982, and escaped some twenty days later.
In support of his assignment of error, Robicheaux charges that the trial judge was unduly prejudiced at the time that he imposed the defendant’s sentence. According to the record, the defendant and his two co-defendants were all individually sentenced at the same time. As the first of the three defendants, one James Michael Pyron, was being sentenced, he became quite abusive and had to be physically gagged after directing several obscenities towards the Judge. Immediately thereafter, the trial judge proceeded to sentence the other co-defendant and Robicheaux. The defendant thus surmises that the Judge was prejudiced by Pyron’s outbursts at the time that he sentenced him, and thus handed down a stiffer sentence than he would have otherwise imposed, particularly in light of the state’s recommendation that Robi-cheaux receive the minimum sentence allowed by statute.
Additionally, Robicheaux maintains that the Judge improperly took into consideration in determining the appropriate term of incarceration the fact that a knife was found in the vicinity where he and his colleague were captured. He avers that since there was no proof that the knife belonged to either of the two men, that the Judge’s decision was improperly prejudiced by his consideration of such evidence.
We find no merit in the defendant’s contentions. As was stated earlier, a trial judge’s decision to impose a sentence within statutory limits should not be disturbed on appeal in the absence of a manifest abuse of discretion. Sepulvado, supra. We are unable to find any manifest abuse in this case. Thus, we will not disturb the sentence on appeal.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

For the reasons stated therein, the author of this opinion has also filed a concurring opinion.

. La.R.S. 14:110(A) provides in pertinent part:
“Simple escape is:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained, from a place where such person is legally confined or from a designated area of a place where such person is legally confined or from the lawful custody of any law enforcement officer or officer of the Department of Corrections;
Whoever having been sentenced to the Department of Corrections commits the crime of simple escape shall be imprisoned with or without hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence, .... ”

. Article 1, Section 20 of the La. Const, of 1974 states:
“No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.”