KLIEBERT, Judge.
The defendant, Steven Bannister, appeals his conviction for a violation of LSA-R.S. 14:64, armed robbery, and the resulting sentence .of sixty years at hard labor, without benefit of parole, probation, or suspension of sentence. He assigns as error the trial judge’s allowances of certain photographs in evidence and the excessiveness of the sentence. No argument is presented on the first assignment of error; hence, we consider it abandoned. For the reasons hereinafter stated, we affirm the sentence.
On the morning of June 16,1982, defendant, Steven Bannister, and Gregory Hall entered a residence which was occupied at the time by Elizabeth Braud and her uncle, Jack Carey. The defendant and his accomplice then armed themselves with knives taken from the residence and proceeded to rob the victims at knife point of approximately $700.00 in cash, some jewelry and an automobile. During the course of the robbery, the victims were threatened with serious harm, including the rape of the young woman victim.
After the apprehension, Steven Bannister and co-defendant, Gregory Hall, were originally charged by bill of information with a violation of LSA-R.S. 14:60, aggravated burglary. On October 12, 1982, the bill of information was amended to charge a violation of LSA-R.S. 14:64, armed robbery. Following the entrance of a not guilty plea, the hearings on pre-trial motions and a sanity hearing (at which the defendant was adjudicated competent to stand trial) trial was commenced before a twelve (12) person *336 jury on January 11, 1988. A verdict of guilty of armed robbery was returned. On January 18, 1983, the trial judge sentenced the defendant, Bannister, to serve a term of 60 years at hard labor without benefit of parole, probation, or suspension of sentence.
The defendant contends the sentence of 60 years at hard labor is excessive and violative of Article 1, Section 20, of the Louisiana Constitution of 1974 and was imposed without compliance with Louisiana Code of Criminal Procedure Article 894.1.
Under LSA-R.S. 14:64(B), the defendant could have been sentenced to as many as 99 years without benefit of parole, probation or suspension of sentence. However, even sentences within statutory limits may be reviewed for excessiveness. Louisiana Constitution, Article 1, Section 20; State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Parish, 429 So.2d 442 (La.1983); State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983). The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and sentences imposed by him should not be set aside as excessive in the absence of manifest abuse of his discretion. State v. Howard, 414 So.2d 1210 (La.1982).
Although the trial judge need not articulate every aggravating and mitigating circumstance in imposing a sentence, the record must reflect that he adequately considered the guidelines outlined in Article 894.1 of the Louisiana Code of Criminal Procedure in particularizing the sentencS to the defendant. State v. Bradley, 414 So.2d 724 (La.1982); State v. Ray, 423 So.2d 1116 (La.1982); State v. Smith, 433 So.2d 688 (La.1983).
In his sentencing colloquy, the trial judge noted he was applying the provisions of La.C.Cr.P. Article 894.1 and did consider the nature of the offense and the offender while imposing the sentence. In doing so, he concluded the defendant, although only twenty-four years of age, had an extensive criminal history and in need of correctional treatment or a custodial environment which could be provided most effectively by his commitment to an institution. He considered the evidence showing the victims were held at knife point in their home and had been threatened with serious bodily harm and concluded the defendant’s acts were willful and intentional and saw no excuse for his conduct. Therefore, he believed any lesser sentence than the one imposed would deprecate the seriousness of the crime for which the defendant was convicted.
After a careful review of the record, we believe the trial judge gave proper consideration to all sentencing factors. Under the circumstances involved here, we cannot say the sentence imposed by the trial court was unconstitutionally excessive. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.