WATKINS, Judge.
PACTS:
Defendant, Leroy Gaines, was charged by bill of information with theft of property having a value of more than $100.00 but less than $500.00, in violation of LSA-R.S. 14:67. Defendant entered a plea of not guilty, was. tried by a six-person jury and was found guilty as charged. He received a sentence of one year at hard labor, with sentence suspended, and was placed on active supervised probation for two years subject to special conditions: (1) that he serve six months in the parish jail, to be on work release on those days which he is working and (2) that he pay a fine of $1,000.00. Defendant now appeals his conviction and sentence, alleging four assignments of error, as follows:
1. The trial court erred when it denied defendant’s objection to suppress two statements made by defendant.
2. The trial court erred when it allowed the amended bill of information to be read to the jury as said bill of information had been amended by the district attorney in open court without defendant or his counsel present.
3. The trial court erred in overruling defendant’s motion for a post-verdict judgment of acquittal.
4. The trial court erred when it imposed an excessive sentence.
STATEMENT OF THE CASE:
On December 12, 1982, defendant was employed as a laborer in West Feliciana Parish. On that day, he arrived at work, picked up his pay check envelope and went on into his work station. A short time *241 later, he noticed that his envelope contained two pay checks: his own and a check in the sum of $397.51 made payable to J.B. Robertson. He pocketed both checks and, later that day, gave the second check to a co-worker, Bobby Kelly, who retained the check. On December 20,1982, Bobby Kelly told defendant he had the check signed, and at lunch break that day the two men went to the Bank of Commerce in St. Francisville, where Bobby Kelly cashed the check. When the two men left the bank, defendant received approximately half the money from Bobby Kelly. Defendant immediately spent his half.
Three months later, defendant was questioned by his Security Supervisor, who testified that defendant told him the whole story. Defendant then went to the bank, offered to make restitution and, pursuant to request by the sheriffs office, voluntarily went down to the police station and answered questions about the Robertson check. After being given his Miranda rights, defendant gave a statement to investigators. Defendant was arrested and charged with theft of property having a value of more than $100.00 and less than $500.00.
Testimony at trial revealed that defendant’s employer had issued another pay check to J.B. Robertson on the afternoon of December 12, 1982, and had issued a stop payment on Mr. Robertson’s check received by defendant. After Bobby Kelly cashed the Robertson check, it was forwarded to the payor bank in Baton Rouge, which, pursuant to the stop payment order, refused to reimburse the St. Francisville Bank for the amount paid out to Bobby Kelly on December 20, 1982.
ASSIGNMENT OF ERROR NO. 1:
Defendant contends that the trial court erred when it denied defendant’s objection at trial to the admission into evidence of two statements made by defendant marked “State 2” and “State 3-A” [1] on the grounds that the said statements were not knowingly, freely or voluntarily made. Defendant submits that consideration of these statements by the jury violated defendant’s rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Defendant argues that he was indirectly coerced into signing the statements when Deputy Sheriff Cutrer requested that defendant sign the document containing defendant’s statement which Officer Cutrer had written as defendant spoke. Further, defendant contends he did not know whether or not the statements contained exactly what he had said due to his impaired ability to read.
Defendant makes no complaints of police brutality, police promises or police conduct designed to produce a confession which would not be a voluntary product of one’s own choice, nor that he was an illiterate or possesses a low I.Q. Rather, defendant argues that his lack of an ability to read well affected his understanding at the time he gave his statements to the deputy sheriff.
Before a confession or inculpato-ry statement can be introduced into evidence, the state has the burden of affirmatively proving that it was made freely and voluntarily and not made under the influence of fear, ‘duress, intimidation, menaces, threats, promises, or inducements. State v. Taylor, 422 So.2d 109 (La.1982).[2] When the issue on appeal is whether an accused’s level of intelligence precludes him from effectively understanding the consequences of his oral statement transcribed into a written confession much weight is accorded the trial court’s assessment. State v. Le-Fevre, 419 So.2d 862 (La.1982). The credibility choice of the trial court in ruling on *242 the voluntariness of a confession will not be disturbed unless clearly erroneous. State v. Wright, 441 So.2d 1301 (La.App. 1st Cir.1983).
In light of the uncontradicted testimony that the statements were made freely and voluntarily after defendant had been duly advised of Miranda rights, we conclude that the state has borne the burden of proving that defendant gave the statements freely and voluntarily. Thus, the trial court was correct in denying defendant’s objection to suppress defendant’s in-culpatory statements. This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2:
Defendant contends that the trial court erred when it overruled defendant’s objection to the reading of the amended bill of information before the jury. Defendant argues that, because the original bill of information was amended in open court by leave of court and outside the presence of defendant and his counsel, defendant was denied his right to be present at arraignment and represented by counsel at those proceedings. Hence, defendant argues that his rights as guaranteed by the Sixth Amendment to the U.S. Constitution were violated.
The record shows us that the bill of information originally read: “LEROY GAINES committed theft of a payroll check, made payable to J.B. Robertson, in the amount of $397.51”. This bill of information was amended the day before the trial began by the district attorney, with leave of court, in open court, to read: “LEROY GAINES committed theft by fraud in the amount of $397.51 from the Bank of Commerce of St. Francisville”. Additionally, the date of the alleged theft was amended from December 12, 1982, to December 20, 1982.
The record substantiates defendant’s claim that neither defendant nor his counsel was present in open court when the bill of information was amended. Further, there is no indication in the record that defendant was rearraigned on the amended charge. Therefore, there are two issues: whether the trial judge acted properly in allowing the amendment and whether or not defendant was entitled to be rear-raigned on the amended bill of information.
A bill of information or indictment may be amended, even substantially, before the first prospective juror is sworn and examined. It appears that it is totally unnecessary that a second arraignment be held, even if the amendment of the bill of information or indictment be one that touches substance. State v. Bluain, 315 So.2d 749 (La.1975); State v. Hubbard, 279 So.2d 177 (La.1973). Furthermore, counsel for defendant has failed to show that his client was in any way prejudiced by the amendment of the bill of information.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3:
Defendant contends that the trial court erred when it denied defendant's motion for post-verdict judgment of acquittal, arguing that the state failed to prove beyond a reasonable doubt all the essential elements of the crime charged.
LSA-R.S. 14:67 entitled “Theft” provides in pertinent part:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
[[Image here]]
“When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.”
Testimony at trial reveals that defendant was inadvertently placed in possession of a paycheck made to a J.B. Robert *243 son, that he gave that check to Bobby Kelly, a co-worker, who had the check signed and, as part of the plan with defendant, cashed the check by fraudulently representing himself to be the person for whom the cheek was intended. Testimony also shows that Kelly and defendant divided the money and that defendant promptly spent his half. Defendant’s statements were entered into evidence and were corroborative of the evidence presented by the state to prove defendant’s guilt. Moreover, although defendant did not directly perpetrate the fraud upon the bank, his aid to and planning with Kelly in so doing leaves no doubt that defendant was a principal to the crime and thus guilty of the crime charged. LSA-R.S. 14:24; State v. Broussard, 312 So.2d 325 (La.1975).
Thus, it is clear that, viewing all the evidence in the light most favorable to the prosecution, the state proved that defendant was guilty of all elements of the crime of theft by fraud of property having a value of more than $100.00 and less than $500.00. LSA-C.Cr.P. 821.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 4:
Defendant complains that the sentence he received is excessive. Additionally, defendant contends that the trial judge did not adequately consider the mitigating factors present in defendant’s favor.
Defendant received a sentence of one year at hard labor, with sentence suspended. Defendant was then placed on active supervised probation for two years, subject to the conditions that he serve six months in the parish jail, to be on work release on those days when he was working, and that he pay a fine of $1,000.00. The maximum sentence defendant could have received is imprisonment at hard labor for two years and a fine of not more than $2,000.00. Hence, defendant’s actual sentence for appeal purposes, one year at hard labor and a fine of $1,000.00, is one-half the maximum possible. LSA-C.Cr.P. 893 A.
In the trial judge’s reasons for sentencing, he considered several mitigating factors that were set forth in Article 894.1: that defendant had no prior history of delinquency or criminal activity, that imprisonment would entail an excessive hardship to himself and his dependents.[3] On the other hand, the judge also noted that a lesser sentence would deprecate the seriousness of the offense, that defendant did not act under strong provocation, and that there were no substantial grounds tending to excuse or justify defendant’s conduct.
A trial judge has great discretion in imposing sentence within statutory limits, and it will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982). A sentence will be deemed excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless and purposeless infliction of pain and suffering. State v. Vaughn, 431 So.2d 763 (La.1983).
It is clear from the record that the trial judge adequately complied with LSA-C.Cr.P. 894.1 in sentencing defendant. The trial court need not cite every factor listed in LSA-C.Cr.P. art. 894.1 in order to comply with it. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir. 1983); State v. Bradley, 414 So.2d 724 (La.1982). Further, it is not necessary that the trial judge enumerate all the factors he considers in sentencing. All that is necessary is an adequate basis for review showing that all relevant factors have been considered. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983).
We find no abuse of the discretion accorded to the trial court in sentencing, and no merit to this assignment of error.
The conviction and sentence are affirmed.
AFFIRMED.

. The evidence marked “State 2” is a handwritten document taken down by Deputy Cutrer directly from defendant’s verbal dictation and signed by defendant; "State 3-A” is a typewritten affidavit signed by defendant and witnessed by two deputies. Both contain inculpatory statements made by defendant.

. Stay of execution granted, 427 So.2d 438 (La.1983), cert. denied, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed. 367 (1983).

. Defendant had also made full restitution to the St. Francisville Bank.