470 So.2d 325 (1985)
STATE of Louisiana
v.
Don KELLER.
No. 84-KA-661.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Gretna, for defendant-appellant.
Before BOWES, CURRAULT and DUFRESNE, JJ.
DUFRESNE, Judge.
Don Keller was charged by Bill of Information with a violation of LSA-R.S. 14:64, armed robbery. Following trial, the jury returned a verdict of guilty as charged. A pre-sentence investigation was conducted and the defendant was sentenced to fifty (50) years at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals his conviction and sentence.
Keller assigns as error that his sentence is excessive. We find no error and accordingly, affirm.

FACTS
On April 1, 1983, at approximately 7:00 a.m., Danny Rivere and Myron Walker were counting cash receipts in preparation for a shift change at the convenience store/service station where they worked. A black male walked in and out of the store several times without making a purchase. On his fourth trip, the black male stuck a gun into Rivere's ribs, grabbed approximately $2,500.00 and fled the store. Rivere called the police, who arrived shortly thereafter and were given a description of the armed robber.
During the course of his investigation, Detective Dennis Gordon of the Jefferson Parish Sheriff's Office received an anonymous tip that Don Keller was the perpetrator of the armed robbery. Detective Gordon prepared a photo lineup which included a mug shot of Keller. On April 13, 1983, Detective Gordon showed the lineup to Rivere, who identified Keller as the man who robbed him. A warrant was issued and Keller was arrested the following day. On June 22, 1983, Detective Gordon showed Walker the photo lineup, Walker also identified Keller as the armed robber.
In his Assignment of Error, defendant asserts that the sentence imposed was *326 excessive. The standard of review to be exercised by an appellate court is circumscribed by rather narrow limits. State v. Sepulvado 367 So.2d 762 (La.1979). Jurisprudence explains that a sentence is excessive if it is grossly out of proportion to the severity of the crime, or is nothing more than a purposeless and needless imposition of pain and suffering. State v. Telsee, 425 So.2d 1251, (La.1983).
The record reflects that the defendant was sentenced to fifty (50) years out of a possible ninety-nine (99) years at hard labor. The trial judge expressed the following reasons for the sentence:
"I note from the pre-sentence investigation which I order attached to this record sealed for appellate purposes that in 1979, you received a five-year suspended sentence and was placed on five years active probation with the charge of accessory after the fact of armed robbery.
You would not cooperate with your probation officer and while on probation, you committed this offense of armed robbery with a handgun in which you placed life in jeopardy.
Armed robbery is another scourge of this society and is rampartout of control. When we see the World's Fair here on our doorsteps, I think we are going to have to build two more jails. I have no sympathy with your plight. You got off an armed robbery and you were lucky enough to be an accessory and while on probation you get a handgun and start holding up places and putting life in jeopardy."
The trial judge's reasons indicate minimal compliance with LSA C.Cr.P. art. 894.1. The judge mentions the seriousness of the crime, the defendant's past criminal behavior, and the fact that the defendant was uncooperative with his probation officer and in fact was still on probation at the time of the instant offense. While the trial judge did not mention that he considered the defendant's personal history when imposing sentence, the transcript reflects that immediately before sentencing, defense counsel brought to the court's attention the defendant's age (22 years) and family status (3 young children). The judge also had the benefit of the pre-sentence investigation report which detailed the defendant's personal history. It would appear that the judge was well aware of the defendant's personal history at the time of sentencing.
The trial judge made the pre-sentence investigation report part of the record and the report reveals the defendant's past criminal record. His past propensity toward criminal activity and his past attitude toward probation considered with the inherent seriousness of the crime of armed robbery support the trial judge's determination that a fifty (50) year sentence was just and proper punishment in the instant case.
Accordingly, while the sentencing reasons articulated by the trial judge do not fully comply with the dictates of Article 894.1, the record, more particularly the P.S.I. report, supports the sentence imposed here. Similar sentences have consistently been imposed upon similarily situated defendants with similar criminal pasts. See State v. Joseph, 437 So.2d 280 (La. 1983); State v. Smith, 433 So.2d 688 (La. 1983); State v. Bannister, 441 So.2d 334 (La.App. 5th Cir.1983).
This assignment of error has no merit.
Defendant's conviction and sentence are affirmed.
AFFIRMED.