DUFRESNE, Judge.
The defendant, Cyrus Broadhurst, was charged by bill of information with attempted unauthorized entry of an inhabited dwelling in violation of R.S. 14:27 and 14:62.3. Initially the defendant entered a plea of not guilty and then withdrew his plea and entered a plea of guilty as charged. The trial court sentenced the defendant to two years without hard labor, suspended and five years active probation with special conditions.[1] A fine of $500.00 was also imposed.
Defendant was granted an out-of-time appeal and submits that his sentence is “too harsh, unwarranted and constituted cruel and unusual punishment.”
We find no merit in this assignment and accordingly, Broadhurst’s conviction and sentence are affirmed.
FACTS
The facts of the case are taken from the official statements contained in the pre-sen-tence investigation report, a copy of which appears in the record:
According to the Jefferson Parish Sheriff’s Office Incident Report dated September 2, 1984, Cyrus G. Broadhurst, *384 III, white male, date of birth January 6, 1959, was arrested after victim Julius Lipps, Jr., identified him as the individual who had attempted to break into his apartment. Accordingly [sic] to Mr. Lipps, he was sleeping in his apartment when he was awakened by noises at the rear door of the apartment. When he went to investigate he observed Cyrus Broadhurst attempting to open the lock to the rear window. After attempting to do that the subject then tried to force open Mr. Lipps’ locked rear door. Upon failing to open the rear door, the subject left and went into his residence at 4109 LacCouture. He returned approximately five minutes later and again tried to force open Mr. Lipps’ rear door. The victim at that point turned on the light in the rear yard and Mr. Broadhurst went back to his own residence. The victim then called the Sheriff’s Office and upon their arrival they proceeded to 4109 Lac-Couture and found the residence door open. Upon entering the apartment, they noted the subject sleeping on the couch. They awakened him and he voluntarily accompanied them to 4111 Lac-Couture which was the victim’s address. The victim positively identified the subject as the individual who had attempted to break into his apartment.
The defendant’s statement made during the guilty plea proceedings is as follows: “I’m an alcoholic and I was drunk that night, and I was under the impression that I was going into the friend’s house that was— used to live in that residence a few months before.”
EXCESSIVENESS OF SENTENCE
An appellate court, in its determination of whether a sentence is excessive, considers the punishment and the crime in the light of the harm to society. The court then determines whether the penalty imposed is so disproportionate to the crime committed so as to shock our sense of justice. State v. Davis, 449 So.2d 452 (La.1984); State v. Cockerham, 496 So.2d 1194 (La.App. 5th Cir.1986) A trial court is given great discretion in imposing sentence within statutory limits and the sentence will not be set aside absent a manifest abuse of that discretion. State v. Schexnayder, 472 So.2d 174 (La.App. 5th Cir.1985).
In order to facilitate a trial court’s selection of an individual sentence imposed on a particular defendant to the particular circumstances of the case, the legislature, in enacting C.Cr.P. art. 894.1 set forth both aggravating and mitigating circumstances to be considered by the trial court. State v. Telsee, 425 So.2d 1251 (La.1983). To insure adequate review by an appellate court, while the trial court need not articulate each factor, the record should indicate that the trial court considered both the aggravating and mitigating factors of C.Cr.P. art. 894.1. State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985); writ den. 468 So.2d 1204 (La.1985).
There is no indication in the sentencing transcript that the trial court considered any of the factors set forth in C.Cr. P. art. 894.1.
When a trial court fails to adequately comply with the guidelines set forth in C.Cr.P. art. 894.1, the sentence will ordinarily be set aside and the case remanded for resentencing. State v. Sherer, 437 So.2d 276 (La.1983). A remand is not necessary when the sentence imposed is not apparently severe or when the record otherwise supports the sentencing choice. State v. Rivers, 470 So.2d 351 (La.App. 5th Cir.1985). This court has declined to remand cases for resentencing even in the absence of compliance with C.Cr.P. art. 894.1, when the record, particularly the P.S.I. contained therein, contained adequate support for the sentence imposed. State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987); State v. Torres, 470 So.2d 319 (La.App. 5th Cir.1985); State v. Keller, 470 So.2d 325 (La.App. 5th Cir.1985).
Here the trial court considered the fact that the defendant had no previous record and his need for treatment for alcoholism when he sentenced him to a suspended jail sentence and placed him on active probation. The defendant’s probation with the special conditions as outlined by the court will provide the necessary supervision to *385 help him overcome his problem with alcohol.
It is obvious from the record that the trial judge considered the seriousness of the crime here and the fact that the defendant is gainfully employed. Because of this, Broadhurst’s sentence was suspended and he was placed on active probation to assist him in trying to correct and overcome his alcoholic problem.
This assignment lacks merit. Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The special conditions of probation imposed were:
1) that the defendant pay the fine;
2) that the defendant continue in a substance abuse program;
3) that the defendant tour the Department of Corrections (Angola) at his expense;
4) that the defendant perform two hundred forty hours of community service work; and
5) that the defendant pay a supervision fee to the Probation Department of $25.00 a month.